Janette K. Brimmer (WSB #41271)
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA  98104
T: 206.343.1029
F: 206.343.1526
E: jbrimmer@earthjustice.org

Erik Grafe (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
T: 907.792.7102
F: 907.277.1390
E: egrafe@earthjustice.org

Kenta Tsuda (*pro hac vice* pending)
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801
T: 907.500.7129
F: 907.463.5891
E: ktsuda@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of*
*Alaska Community Action on Toxics, and Sierra Club*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB, | ) ) ) | Case No. |
| Plaintiffs, | ) ) ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | ) ) | |
| GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, and DENNIS MCLERRAN, in his official capacity as Regional Administrator of the United States Environmental Protection Agency Region 10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT
(Case No.                    )

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

**INTRODUCTION**

1. Fairbanks North Star Borough (the Borough) has the worst episodic fine particulate matter (PM-2.5) pollution in the nation—"worse than Los Angeles, Milwaukee and Detroit combined," a local newspaper put it. *See* Exhibit 1 (Amanda Bohman, *Air pollution in North Pole worse than Los Angeles, Milwaukee and Detroit combined*, Fairbanks News Miner (May 27, 2016)). Defendants have known about Fairbanks's PM-2.5 problem for more than half a decade, but they have repeatedly failed to take action mandated by the Clean Air Act to address the problem. Most recently, they have failed to meet a deadline for determining whether the Fairbanks North Star Borough nonattainment area has attained the 24-hour fine particulate matter National Ambient Air Quality Standard (NAAQS) defined in 2006. Under the Clean Air Act, Defendants are required to make this determination and to publish notice of their finding in the Federal Register within six months following the Borough's attainment date. 42 U.S.C. § 7513(b)(2). If Defendants determine the area remains out of attainment, they must publish a notice of reclassification of the area as a "serious" nonattainment area, which triggers stricter pollution control measures. *Id.* Due in part to Defendants' ongoing delay, the people of Fairbanks, including children and the elderly, continue to be endangered by the harms of PM-2.5 exposure.

2. The Federal Government recognizes the dangers that PM-2.5 exposure poses to the people of Fairbanks. Under the Clean Air Act, the U.S. Environmental Protection Agency (EPA) regulates PM-2.5 pollution, imposing relevant 24-hour NAAQS. 62 Fed. Reg. 38,652 (July 18, 1997) (adopting 24-hour NAAQS for PM-2.5); 71 Fed. Reg. 61,144 (Oct. 17, 2006) (codified at 40 C.F.R. § 50.13) (strengthening standards).

COMPLAINT
(Case No.                    )        1

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

3.     EPA designated the Borough a nonattainment area with respect to the 2006 24-hour NAAQS for PM-2.5 in November 2009.  74 Fed. Reg. 58,688, 58,696, 58,702 (Nov. 13, 2009).

4.     Since 2009, EPA has continued to document that the Borough has some of the worst episodic PM-2.5 pollution in the nation, with ambient air concentrations frequently in excess of the NAAQS for PM-2.5—currently by more than any other previously designated nonattainment area. *See* Exhibit 2 at 1 (EPA, *PM 2.5 Design Values, 2015* at Tbl. 3b (Jul. 27, 2016)).

5.     However, EPA has been derelict in its duties to protect the families of Fairbanks from fine particulate matter pollution.  EPA has previously missed two related deadlines in the Borough's Clean Air Act process, resulting in two previous suits before this Court.  *See* Compl., *Citizens for Clean Air v. McCarthy*, No. 2:14-cv-00610-MJP (W.D. Wash. 2014), ECF No. 1; Compl., *Citizens for Clean Air v. McCarthy*, No. 2:16-cv-00857-JCC (W.D. Wash. 2016), ECF No. 1.

6.     EPA has missed yet another deadline to enforce the Clean Air Act in Fairbanks. Under the statute, the agency was required to determine whether the Borough had attained the national standard for PM-2.5 as of December 31, 2015, *see* 42 U.S.C. § 7513(c)(1), and publish notice of this determination within six months of that date, by June 30, 2016.  *Id.* § 7513(b)(2). If the standard had not been achieved, EPA was required also to publish notice that the Borough had been reclassified by operation of law as a "serious" nonattainment area.  *Id.*  This designation triggers stricter pollution control requirements.  *Id.* § 7513a(b).

7.     EPA failed to publish the required notice by June 30, 2016, and still has not published this notice.

COMPLAINT
(Case No.              )         2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

8. Accordingly, Plaintiffs CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB bring this action to compel Defendant GINA MCCARTHY, in her official capacity as EPA Administrator, and Defendant DENNIS MCLERRAN, in his official capacity as Regional Administrator of EPA Region 10, to perform their mandatory duties to ensure that the Federal Government is acting timely to provide the residents of the Borough the protections promised to them by federal law.

## JURISDICTION

9. The Court has jurisdiction over this action to compel the performance of EPA's non-discretionary duties under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a), and 28 U.S.C. § 1331. The Court also has authority to order declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## NOTICE

10. On August 3, 2016, Plaintiffs provided EPA written notice of the claim stated in this action, as required by 42 U.S.C. § 7604(b)(2). *See* Exhibit 3 (K. Tsuda, counsel for Plaintiffs, Letter to Gina McCarthy, Adm'r of EPA (Aug. 3, 2016)). A period of sixty days has elapsed since EPA was notified of Plaintiffs' claim, therefore, notice was proper. *See* 42 U.S.C. § 7604(b)(2).

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Defendant EPA resides in this judicial district. EPA Region 10, which has authority over Alaska, is headquartered in Seattle. This civil action is brought against officers of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Western District of Washington. Further, because EPA

COMPLAINT
(Case No.            )          3

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA 98104
206.343.7340

Region 10 is located within King County, assignment to the Seattle Division is proper under Civil Local Rule 3(d)(1).

**PARTIES**

12.     Plaintiff CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, is a coalition of local community members and citizens groups in Fairbanks, Alaska who are committed to cleaning up the air while keeping everyone warm in the winter.  Alaska Community Action on Toxics is a non-profit environmental health research and advocacy organization whose mission is to assure justice by advocating for environmental and community health.

13.     Plaintiff SIERRA CLUB is a national nonprofit organization with 64 chapters and over 630,000 members dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.  The Alaska Chapter of the Sierra Club has over 1,450 members, including members in the Borough.

14.     Plaintiffs' members live, raise their families, work, recreate, and conduct educational, advocacy, and other activities in the Borough.  They are adversely affected by continuing exposure to levels of PM-2.5 pollution that exceed the national, health-based standards for 24-hour concentrations of PM-2.5 established under the Clean Air Act.  The adverse effects of such pollution include actual or threatened harm to their health; their families' health; their professional, educational, and economic interests; and their aesthetic and recreational enjoyment of the environment in the Borough.

15.     EPA's failure timely to perform the mandatory duties described in this Complaint has injured and continues to injure the interests of Plaintiffs and their members.  The relief

COMPLAINT
(Case No.                          )           4

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

requested in this lawsuit would redress these injuries by compelling EPA to take the action mandated by Congress in the Clean Air Act's requirements for addressing and improving air quality in areas violating national air quality standards, such as the Borough.

16. Defendant GINA MCCARTHY is sued in her official capacity as the Administrator of EPA. She is responsible for taking various actions to implement and enforce the Clean Air Act, including the mandatory duty at issue in this case.

17. Defendant DENNIS MCLERRAN is sued in his official capacity as EPA Regional Administrator for Region 10. He is responsible for implementing and enforcing the Clean Air Act in EPA Region 10, which includes the Fairbanks North Star Borough, Alaska.

## STATUTORY FRAMEWORK

18. Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Consistent with these goals, the Act requires EPA to set NAAQS for certain pollutants, "the attainment and maintenance of which . . . are requisite to protect the public health" with "an adequate margin of safety," 42 U.S.C. §§ 7409(a)-(b), and to designate areas with air pollution levels that exceed the national standards as "nonattainment" areas, 42 U.S.C. § 7407(d)(1).

19. The Clean Air Act requires that a nonattainment area that has been designated as "moderate" must attain the NAAQS "as expeditiously as practicable but no later than the end of the sixth calendar year after the area's designation as nonattainment." *See* 42 U.S.C. § 7513(c)(1) (stating rule for setting attainment dates for "moderate" PM-10 nonattainment areas); *see also Nat. Res. Def. Council v. EPA*, 706 F.3d 428, 434-36 (D.C. Cir. 2013) (holding that

COMPLAINT
(Case No.                    )         5

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

subpart four of the Clean Air Act, addressing PM-10 standards extends to PM-2.5 nonattainment areas); 79 Fed. Reg. 31,566, 31,568 (June 2, 2014) ("[T]he EPA in this notice is identifying the classification of all [PM-2.5] areas currently designated nonattainment for the 1997 and 2006 NAAQS as 'Moderate.'"); *see also id.* at 31,570 (stating that the areas identified as moderate under the rule "are subject to a Moderate area attainment deadline under subpart 4 of no later than December 31, 2015."); *WildEarth Guardians v. EPA*, No. 14-1145, 2016 WL 4056089, at *10 (D.C. Cir. July 29, 2016) (observing that in EPA's 2014 implementation rule "the agency retained the attainment deadline of December 31, 2015").

20. The Administrator shall determine whether a "moderate" nonattainment area has attained the NAAQS by its attainment date within six months following that attainment date. 42 U.S.C. § 7513(b)(2). If the Administrator determines that the NAAQS was not attained, the area shall be reclassified by operation of law as a "serious" nonattainment area. *Id.* § 7513(b)(2)(A). The Administrator must then publish a notice in the Federal Register no later than six months following the attainment date identifying the area as having failed to attain and giving notice of the area's reclassification as a "serious" nonattainment area. *Id.* § 7513(b)(2)(B).

21. If EPA fails to take a non-discretionary action, such as determining whether a "moderate" nonattainment area has attained NAAQS and publishing notice of this determination and potential reclassification by operation of law within six months of an area's attainment date, "any person may commence a civil action" to compel prompt action. 42 U.S.C. § 7604(a)(2).

## STATEMENT OF FACTS

22. PM-2.5 refers to fine particles less than or equal to 2.5 micrometers in diameter, including hazardous forms of dirt, soot, smoke, and liquid droplets found in the air. 71 Fed. Reg. at 61,145. PM-2.5 is "produced chiefly by combustion processes and by atmospheric reactions

COMPLAINT
(Case No.          )          6

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

of various gaseous pollutants," thus "[s]ources of fine particles include . . . motor vehicles, power generation, combustion sources at industrial facilities, and residential fuel burning." *Id.* at 61,146.

23. The detrimental effects of PM-2.5 on human health are significant. Exposure has been associated "with an array of health effects, notably premature mortality, increased respiratory symptoms and illnesses (e.g., bronchitis and cough in children), and reduced lung function." 62 Fed. Reg. at 38,668. Numerous scientific studies have linked particle pollution exposure, especially exposure to fine particles, to a variety of problems, including premature death in people with heart or lung disease, non-fatal heart attacks, irregular heartbeat, aggravated asthma, decreased lung function, and increased respiratory symptoms, such as irritation of the airways, coughing, or difficulty breathing, as well as possibly cancer, and reproductive and developmental harms. *See* Exhibit 4 (EPA, *Particulate Matter (PM)* (May 12, 2016)); Exhibit 5 at 8 (Am. Lung Ass'n, *State of the Air 2015* at 31 (citing EPA, Integrated Science Assessment for Particulate Matter, EPA 600/R-08/139F (2009))).

24. EPA first adopted 24-hour NAAQS for PM-2.5 in 1997. 62 Fed. Reg. at 38,652. In 2006, EPA strengthened these standards, revising the maximum allowed 24-hour average concentration of PM-2.5 from 65 micrograms per cubic meter (μg/m$^3$) to 35 μg/m$^3$. 71 Fed. Reg. at 61,144 (codified at 40 C.F.R. § 50.13).

25. Fairbanks North Star Borough has some of the worst PM-2.5 pollution in the nation, with ambient air concentrations frequently in excess of the 24-hour NAAQS. Of all previously designated nonattainment areas for 24-hour PM-2.5, measured by 2013-2015 design values, Fairbanks is the most polluted, with levels far in excess of the next most-polluted area, at 354 percent of the 24-hour PM-2.5 NAAQS. *See* Exhibit 2 at 1. Within the United States, the

COMPLAINT
(Case No.                    )        7

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

highest measures of episodic PM-2.5 are reported from a pollution monitor on Hurst Road in the Borough's North Pole area.  *See* Exhibit 1.

26. On November 13, 2009, EPA designated the Fairbanks North Star Borough as a nonattainment area with respect to 24-hour PM-2.5 NAAQS.  74 Fed. Reg. at 58,696, 58,702.

27. The Borough is a "moderate" non attainment area.  79 Fed. Reg. at 31,568 ("[T]he EPA in this notice is identifying the classification of all [PM-2.5] areas currently designated nonattainment for the 1997 and 2006 NAAQS as 'Moderate.'").

28. The Borough's attainment date for the 24-hour PM-2.5 NAAQS was thus "no later than the end of the sixth calendar year after the area's designation as nonattainment," 42 U.S.C. § 7513(c)(1), that is, no later than December 31, 2015.  79 Fed. Reg. at 31,570  (stating that the areas identified as moderate under the rule "are subject to a Moderate area attainment deadline under subpart 4 of no later than December 31, 2015."); *WildEarth Guardians*, 2016 WL 4056089, at *10 (observing that in EPA's 2014 implementation rule "the agency retained the attainment deadline of December 31, 2015").

29. Six months from the Borough's attainment date passed on June 30, 2016.

30. To date, EPA has failed to publish notice in the Federal Register determining whether the Borough had attained the NAAQS by its attainment date, and, if necessary, identifying the reclassification of the area as a "serious" nonattainment area.  *See* 42 U.S.C. § 7513(b)(2)(B).

**CLAIM FOR RELIEF**
**(Failure to publish notice regarding attainment and reclassification as a "serious" nonattainment area)**

31. Plaintiffs reallege each and every allegation set forth above, as if fully set forth herein.

COMPLAINT
(Case No.                    )            8

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104
206.343.7340

32. The deadline for the Administrator to publish notice regarding the Borough's attainment or otherwise with respect to the 2006 24-hour PM-2.5 NAAQS, and potentially of its reclassification as a "serious" nonattainment area, was no later than June 30, 2016.

33. The Administrator has not published notice regarding the Borough's attainment of the NAAQS, nor of its reclassification as a "serious" nonattainment area if it failed to attain the standard.

34. Pursuant to 42 U.S.C. § 7513(b)(2), EPA had a mandatory duty to publish notice regarding the Borough's attainment of the NAAQS, and, if the Borough failed to attain the standard, of its reclassification as a "serious" nonattainment area within six months of the Borough's attainment date, and thus no later than June 30, 2016.

35. EPA has failed to perform this mandatory duty.

36. Accordingly, EPA has been in continuous violation of the Clean Air Act, 42 U.S.C. § 7513(b)(2), since July 1, 2016, or earlier.

37. This Clean Air Act violation constitutes a "failure of the Administrator to perform [an] act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). The violation is ongoing.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that the Court:

38. Declare that the Administrator is in violation of the Clean Air Act with regard to her mandatory, nondiscretionary duty under 42 U.S.C. § 7513(b)(2) to publish notice regarding the Borough's attainment or otherwise of the 2006 24-hour PM-2.5 NAAQS, and, if the Borough failed to attain the standard, of its reclassification as a "serious" nonattainment area;

COMPLAINT
(Case No.         )         9

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

39. Issue an injunction requiring the Administrator to publish notice regarding the Borough's attainment or otherwise of the 2006 24-hour PM-2.5 NAAQS, and, if the Borough failed to attain the standard, of its reclassification as a "serious" nonattainment area;

40. Retain jurisdiction of this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

41. Award to Plaintiffs their reasonable costs of litigation, including attorneys' fees and expert witness fees; and

42. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 11th day of October, 2016.

*s/ Janette K. Brimmer*
Janette K. Brimmer (WSB #41271)
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA  98104
T: 206.343.1029
F: 206.343.1526
E: jbrimmer@earthjustice.org

Erik Grafe (AK Bar #0804010) (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
T: 907.792.7102
F: 907.277.1390
E: egrafe@earthjustice.org

Kenta Tsuda (AK Bar #1605046) (*pro hac vice* pending)
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801
T: 907.500.7129
F: 907.463.5891
E: ktsuda@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

COMPLAINT
(Case No.                    )          10

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*